```
           IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MARYLAND

TRUSTEES OF THE ELECTRICAL     :
WELFARE TRUST FUND, et al.
                               :

     v.                        :   Civil Action No. DKC 25-780

                               :
CONTROL SPECIALTIES, LLC
                               :
```

**MEMORANDUM OPINION**

The Trustees of the Electrical Welfare Trust Fund ("Welfare Fund"), Trustees of the the Electrical Workers Local No. 26 Pension Trust Fund ("Pension Fund"), Trustees of the Electrical Local No. 26 Joint Apprenticeship and Training Trust Fund ("Apprenticeship Fund"), and Trustees of the Local No. 26 Individual Account Fund ("Account Fund") (collectively, the "Funds"), the Trustees of the Electrical Workers Local No. 26 – D.C. Chapter of NECA Labor Management Cooperation Committee ("LMCC"), and Thomas Myers, as collection agent for Local No. 26, International Brotherhood of Electrical Workers ("Local 26") (collectively, "Plaintiffs") filed a Complaint on March 10, 2025, asserting claims under the Employee Retirement Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA") against Defendant Control Specialties, LLC ("Defendant"). (ECF No. 1). The Clerk entered Defendant's default on June 13, 2025, and Plaintiffs filed a motion for default judgment on June 18, 2025. (ECF No. 14). The relevant issues

have been briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, Plaintiffs' motion will be granted.

**I.   Background**

Plaintiffs, with the exception of Thomas Myers, are trustees of multi-employer pension benefit plans and are authorized to file this action under 29 U.S.C. § 1132(a)(3) as they are fiduciaries within the meaning of § 3(2) of ERISA. *See* 29 U.S.C. § 1002(2). Defendant Control Specialties, LLC ("Defendant") is an employer engaged in an industry affecting commerce under ERISA. *See* 29 U.S.C. §§ 1002(5).

LMCC is a division of the National Labor Management Cooperation Committee and was established for the purpose of improving the relationship between signatory employers and IBEW local unions. Local 26 is a labor organization within the meaning of 29 U.S.C. § 152(5) representing employees in an industry affecting interstate commerce.

The National Electrical Contractors Association ("NECA") was established and is maintained by an agreement between the International Brotherhood of Electrical Workers ("IBEW") and the National Electrical Contractors Association ("NECA").

Defendant became a signatory to the collective bargaining agreement ("CBA") with Local 26 on October 18, 2007, by executing

2

a Letter of Assent which bound it to the terms and conditions of the CBA and Trust Agreements, including obligating it to make monthly contributions to the Welfare Fund, Pension Fund, Apprenticeship Fund, Account Fund, LMCC, to pay dues to Local 26, and to submit monthly remittance reports to Plaintiffs. (ECF No. 14-2, p. 7).

Plaintiffs' Complaint alleges that Defendant breached the CBA by failing to pay union dues and contributions due from May 2024 through December 2024 and by failing to submit a remittance report for December 2024. Plaintiffs claim that $51,795.70 is owed for unpaid contributions and dues through December 2024 and seek liquidated damages, interest, attorneys' fees, and costs. Plaintiffs also claim interest of $1,178.42 and liquidated damages of $6,161.48 for late-paid contributions from June 2023 through April 2024.

Plaintiffs served the Summons and Complaint on Defendant on March 15, 2025. When Defendant failed to respond within the requisite time period, Plaintiffs moved for the entry of default. The Clerk entered default against Defendant on June 13, 2025. (ECF Nos. 12, 13).

Plaintiffs filed the instant motion for entry of default judgment on June 18, 2025. (ECF No. 14). Plaintiffs seek default judgment in the amount of $102,452.43 which consists of delinquent

contributions and union dues, and liquidated damages, interest, attorneys' fees, and costs.  Although the certificate of service appended to the motion indicates that a copy was provided to Defendant, Defendant has not filed a response.

**II.  Standard of Review**

Pursuant to Fed. R. Civ. P. 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Where a default has been previously entered by the clerk and the complaint does not specify a certain amount of damages, the court may enter a default judgment, upon the plaintiff's application and notice to the defaulting party, pursuant to Fed.R.Civ.P. 55(b)(2).  A defendant's default does not automatically entitle the plaintiff to entry of a default judgment; rather, that decision is left to the discretion of the court. *See Dow v. Jones*, 232 F.Supp.2d 491, 494 (D.Md. 2002); *Lipenga v. Kambalame*, 219 F. Supp. 3d 517 (D.Md. 2016).  The Fourth Circuit has a "strong policy" that "cases be decided on their merits," *id.* (citing *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)), but default judgment may be appropriate when the adversary process has been halted because of an essentially unresponsive party, *see S.E.C. v.*

4

*Lawbaugh*, 359 F.Supp.2d 418, 421 (D.Md. 2005) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)).

Upon entry of default, the well-pleaded allegations in a complaint as to liability are taken as true, but the allegations as to damages are not. *Lawbaugh*, 359 F.Supp.2d at 422. The court first determines whether the unchallenged factual allegations constitute a legitimate cause of action, and, if liability is established, the court then makes an independent determination of damages. Fed. R. Civ. P. 55(a).

> While the court may conduct an evidentiary hearing to determine damages, it is not required to do so; it may rely instead on affidavits or documentary evidence in the record to determine the appropriate sum. *See, e.g., Monge v. Portofino Ristorante,* 751 F.Supp.2d 789, 794–95 (D.Md.2010) (collecting cases); see also 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2688 (3d ed. Supp. 2010).

*Int'l Painters & Allied Trades Indus. Pension Fund v. Cap. Restoration & Painting Co.*, 919 F. Supp. 2d 680, 684 (D. Md. 2013).

**III. Analysis**

Assuming the truth of the well-pleaded allegations of the Complaint, as the court must upon entry of default, Plaintiffs have established a violation under ERISA. Section 502(a)(3) authorizes Plaintiffs to enforce the provisions of the trust agreements. *See* 29 U.S.C. § 1132(a)(3) (providing that a civil action may be brought: "(A) to enjoin any act or practice which

5

violates . . . the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any . . . terms of the plan"). According to the Complaint, Defendant is a signatory to the CBA and is, therefore, obligated to comply with the terms of the Agreement. Based on these undisputed allegations, Plaintiffs have stated a sufficient claim for relief under ERISA.

### A. Unpaid Contributions and Dues

Plaintiffs contend they are owed $66,877.76 in delinquent contributions for the period May 2024 through April 2025, after applying previous overpayments of $3,887.20. $42,325.92 is owed to the Welfare Fund, $13,782.72 is owed to the Pension Fund, $4,650.88 is owed to the Apprenticeship Fund, $9,094.64 is owed to the Account Fund, and $910.80 is owed to the LMCC.

Plaintiffs seek dues owed to Local 26 for the months of May 2024 through April 2025 in the amount of $4,924.06.

Plaintiffs' motion for default judgment and Declaration of Michael McCarron, Fund Administrator, support the award of the requested unpaid contributions and dues.

### B. Liquidated Damages and Interest

The Agreement between the parties obligates Defendant to pay the greater of $50 per month or twenty percent (20%) as liquidated

damages. Interest is assessed at the greater of the rate provided for in IRC § 6621 or D.C. Code § 28-3301(a). (ECF No. 14-2).

Plaintiffs assert in the Complaint that, because Defendant was habitually late, it owes $1,178.42 in interest and $6,161.48 in liquidated damages for late-paid contributions for the months of June 2023 through April 2024. (ECF No. 1 ¶ 28).

In the pending motion for default judgment, Plaintiffs restate their claim of $1,178.42 in interest owed and claim a total of $20,132.31 in liquidated damages which includes $6,161.48 in liquidated damages for late-paid contributions for the months of June 2023 through April 2024 and liquidated damages on unpaid contributions.

The agreement between the Trustees and Defendant obligates Defendant to pay interest from the date of delinquency and twenty percent (20%) as liquidated damages. Thus, the interest Plaintiffs request of $1,178.42 and $20,132.31 in liquidated damages will be awarded.

  **C.  Attorneys' Fees**

Plaintiffs seek $8,562 in attorneys' fees. In support of this request, Plaintiffs submit the Declaration of Christopher M. Leins. (ECF No. 14-3). Exhibit B to the Declaration shows the hours billed by Plaintiffs' counsel and a paralegal. (ECF No. 14-

7

3, pp. 33-36). It indicates that the firm spent 23 hours on this case on behalf of the Plaintiffs.

The attorneys' fees were calculated at the rate of $415 per hour in 2024 and $440 per hour in 2025 for Christopher M. Leins, $515 per hour for attorney Sarah E. Sanchez, $350 per hour in 2024 and $375 per hour in 2025 for Andrew T. Mills, and $240 per hour for paralegal Nezah N. Khandker. The fees requested are reasonable and Plaintiffs will be awarded $8,562 for attorneys' fees.

### D. Costs

Plaintiffs seek $777.88 in costs representing the $405 filing fee to commence this action, $350 for service of process on Defendant, $18.18 for postage, and $4.70 in Pacer Fees. (ECF No. 14-3 at 37). The costs are reasonable and will be awarded.

### IV. Conclusion

For the foregoing reasons, Plaintiffs' motion for the entry of default judgment will be granted. A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge

8